**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PAULA BARFIELD,<br><br>*Plaintiff,*<br><br>v.<br><br>FRANK BISIGNANO[1],<br>Commissioner of Social Security,<br><br>*Defendants.* | No. 4:21-cv-01443-MAL |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b). Doc. 18. Plaintiff appealed her denial of disability benefits under 42 U.S.C. § 405(g), Doc. 1, and this Court issued an order remanding the case for further consideration, Doc. 14. After further hearings, Plaintiff prevailed and was awarded $198,020.00 in past-due benefits. Doc. 18-4 at 3. As the prevailing party, Plaintiff is entitled to attorneys' fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002)

Plaintiff's attorney seeks fees in the amount of $49,505.00 pursuant to 42 U.S.C. § 406(b), Doc. 18, which amounts to 25 percent of Plaintiff's past-due benefits. An award of fees under § 406(b) cannot exceed 25 percent of the past-due benefits, and any award within that boundary must be reasonable based on the services rendered. *Gisbrecht*, 535 U.S. at 807. Factors the Court considers when determining reasonableness of a fee under § 406(b) are: "the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v.*

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the Defendant in this case, and no further action is required by the Court to effect the change. See 42 U.S.C. § 405(g) (last sentence).

*Berryhill*, 699 Fed. App'x 587, 588 (8th Cir. 2017). In support of her request for fees, Plaintiff's attorney submitted itemized statements of the time spent by Plaintiff's representatives in the proceedings before this Court as well as the 25% contingency fee agreement between Plaintiff and her attorney. Docs. 18-5, 18-6. Plaintiff's attorney was separately awarded $4,076.60 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Doc. 17.

The award "set by the contingency agreement must be the anchor of the court's reasonableness analysis under § 406(b)." *Kertz v. Colvin*, 125 F.4th 1218, 1221 (8th Cir. 2025). There is no suggestion that the representation by Plaintiff's attorney was substandard. Nor was Plaintiff's attorney responsible for any delay in the case's adjudication. The only question here is whether the "benefits achieved were large in comparison to the time expended by counsel." *Berryhill*, 699 Fed. App'x at 588. A downward adjustment in fees awarded is "in order to disallow windfalls for lawyers" if "a case has been submitted on boilerplate pleadings, in which no issue[s] of material fact are present and where no legal research is apparent . . . ." *Kertz*, 124 F.4th at 1221. In such situations, courts "should not hesitate to make reductions" and "should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client." *Id.*

Based on the factors articulated above, the Court finds that the agreed-upon contingency fee arrangement is unreasonable due to the excessive nature of the fee in comparison to the work that Plaintiff's attorney performed in this case. Plaintiff's attorney spent a total of 18.70 hours working on civil ligation in this case. Doc. 18-1 at 10, 18-6. This time consisted of 1.20 hours drafting the Complaint, Doc. 1, and Motion for Leave to Proceed *in forma pauperis*, Doc. 2, 4.00 hours reviewing and summarizing the proceedings before the ALJ, and approximately 11 hours drafting, reading, and revising one brief. Doc. 18-6. After that brief was filed, Defendant moved to remand the case to the Social Security Administration. This case was never substantively reviewed by this Court because Plaintiff did not oppose the Commissioners' motion to remand to the ALJ. Docs. 12, 13. If the Court awarded

$49,505 in fees, the rate for Plaintiff's attorneys' work would be $2,647/hour. Doc. 18-1 at 11. This rate is unreasonably high based on the amount and type of work performed by Plaintiff's attorney. *See, e.g.*, *Kertz*, 125 F.4th at 1221–22 (affirming a district court's finding that payment of $24,087.25 for 25.1 hours of work would constitute an unreasonable windfall under 42 U.S.C. § 406(b)). Plaintiff's motion also attests that only 7.8% of attorneys in Missouri charge over $500 per hour, but Plaintiff is asking this Court to award over five times that hourly rate. Doc. 18-1 at 11. This, the Court declines to do. To avoid a windfall, the Court will adjust Plaintiffs' attorney's compensation to $18,700, or $1,000 per hour. The Court understands that some attorneys make $1,000 per hour and also understands that this case was taken on a contingency basis, making this rate reasonable. Doc. 18-1 at 11.

Accordingly, the Court will award fees under 42 U.S.C. § 406(b) to Plaintiff's attorney in the amount of $18,700. Where fees have been awarded under both 28 U.S.C. § 2412 and 42 U.S.C. § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (cleaned up). Therefore, Plaintiff's attorney must reimburse Plaintiff $4,076.60 from the § 2412 award. *See id.*

Accordingly,

**IT IS HEREBY ORDERED,** that Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), Doc. 18, is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED,** that Plaintiff's attorney, Kelsey Young of Parmele Law Firm, is awarded attorneys' fees under 42 U.S.C. § 406(b), in the amount of $18,700. Plaintiff's counsel must reimburse Plaintiff the $4,076.60 in fees received under 28 U.S.C. § 2412.

This 11th day of September, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE